**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROZINA JONES WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 4:20CV1756 HEA |
| ) | |
| UNEMPLOYMENT SECURITIES, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On December 15, 2020, the Court ordered plaintiff Rozina Jones Williams to submit an amended complaint on a Court-provided form. ECF No. 2. She was also directed to either file a motion for leave to proceed *in forma pauperis* or pay the filing fee. Plaintiff was given twenty-one (21) days to comply. Her responses were due on January 5, 2021. Plaintiff was advised that her failure to comply would result in the dismissal of this action without prejudice and without further notice.

The Court has not received an amended complaint or motion for leave to proceed *in forma pauperis* from plaintiff. Instead, on January 11, 2021, mail sent to plaintiff was returned as undeliverable. ECF No. 3. A forwarding address was not provided, so the mail was not resent.

Plaintiff has neither responded to the Court's December 15th Order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, she was cautioned that her case would be dismissed if she failed to timely comply, and she was given ample time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's December 15, 2020 Order and her failure to prosecute her case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority

of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed … by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Furthermore, Local Rule 2.06(B) requires every self-represented party to promptly notify the Clerk of Court of any change in address. The rule further provides that "[i]f any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." E.D. Mo. L.R. 2.06(B). Here, thirty days have elapsed since plaintiff's mail was returned to the Court. Plaintiff has not provided her new address or submitted anything further to the Court. As such, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE