**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROZINA JONES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CV1756 HEA |
| | ) | |
| UNEMPLOYMENT SECURITIES and | ) | |
| REBUILDING TOGETHER – ST. LOUIS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file.  On July 7, 2021, the Court directed self-represented Plaintiff Rozina Williams to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.  ECF No. 11.  Plaintiff has not filed a response with the Court and the time for doing so has expired.  The Court warned Plaintiff that a failure to timely comply with the Order could result in dismissal of this action without further notice.  As such, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Background**

Self-represented Plaintiff filed her Amended Civil Complaint against two defendants: Missouri Unemployment Securities (a division of the Missouri Department of Labor) and Rebuilding Together – St. Louis.  ECF No. 10 at 1-3.  From what the Court can decipher from the pleading, it appears that Plaintiff is alleging that she had an agreement with Rebuilding Together that she would volunteer for them in exchange for them providing contract work to her company, until some expected funding came through.  *Id.* at 6.  However, in January 2010, while Plaintiff

was volunteering for Rebuilding Together, Plaintiff's ex-husband called Missouri Unemployment Securities and told them that Plaintiff was working while receiving unemployment benefits.

Plaintiff alleges that Unemployment Securities "did nothing to investigate" her ex-husband's allegations despite the fact that she informed them that she was volunteering and Rebuilding Together was paying her company. *Id.* According to Plaintiff, Rebuilding Together provided her with the wrong tax form and used her business Tax ID to pay her (instead of her social security number). *Id.* at 6-7. Subsequently, Plaintiff alleges that Unemployment Securities "removed" money paid to her business by Rebuilding Together. *Id.* at 7. Plaintiff describes this removal as "fraud" and reports that it resulted in her loosing a company contract and being charged with "fraudulent charges." *Id.*

In summary, it seems that Plaintiff is blaming Defendants for her being charged with fraudulently accepting unemployment benefits. Plaintiff asserts that Rebuilding Together wronged her when they "failed to submit [the] proper documentation" and Unemployment Securities violated her constitutional, human, economical, and civil rights when they considered the statement of her ex-husband, who was intent on harming her. *Id.* at 7-8.

It is not clear from the pleading but it appears that Plaintiff was criminally charged and possibly incarcerated on these charges. *Id.* at 8. For relief, Plaintiff seeks "the charges dismissed and my monies recovered and my name cleared." *Id.* at 6. In addition, she would like recoupment of business losses and she wants her "benefits back so [her] company can pay" her. *Id.*

Plaintiff provided multiple assertions regarding jurisdiction in the "Basis for Jurisdiction" section of her Amended Complaint. As to federal question jurisdiction over this matter, Plaintiff cites to Missouri Employment Security Law statutory provisions. *Id.* at 4 (stating "Mo Rev. Stat. sec 288.010 et seq" and "Section 288.500 Shared Work Program"). When asked to list any federal

official or federal agencies involved in the suit, Plaintiff states: "Missouri Unemployment Securities." *Id.* In terms of diversity of citizenship between the parties, Plaintiff states that she is a citizen of the state of Missouri and that both Defendants are also located in Missouri. *Id.* at 4-5. Plaintiff states the amount in controversy as 5 million dollars for the "10 years of continual damage." *Id.* at 5.

After review of her Amended Complaint, the Court issued an Order directing Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 11. Plaintiff's written response was due to the Court by August 5, 2021. As of the date of this Order, Plaintiff has filed no response. The Court warned Plaintiff that a failure to timely comply with the Court's Order could result in dismissal of this action, without prejudice and without further notice. *Id.* at 4.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citations omitted). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Missouri unemployment law is not a basis for federal question jurisdiction and a division of the Missouri Department of Labor is not a federal agency.

The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.  Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).  The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states.  *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff states that she is a citizen of Missouri, and her filing address reflects as much. Defendant Missouri Division of Unemployment Securities is a division of the Missouri Department of Labor.  According to the Missouri Secretary of State website, Rebuilding Together – St. Louis is a nonprofit corporation located in St. Louis, Missouri.  Diversity jurisdiction does not exist here because there is no complete diversity of citizenship between the parties.  As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 30th day of   August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE